[Civ. No. 4115. Second Appellate District, Division Two.—December 28, 1925.]

H. G. PENDELL, Appellant, v. EDWIN M. WARREN, Respondent.

[1] FINDINGS—WEIGHT OF EVIDENCE—Where a finding is assailed on the ground that it is not supported by the evidence, and the point really made is that the weight of the evidence is opposed to the finding, the action of the trial court in making it is final.

[2] SALES—AGE OF TRUCK—MATERIAL REPRESENTATIONS.—The representation, made toward the close of 1920, that a certain automobile truck being purchased by defendant from plaintiff was built in 1916, whereas the truck was in fact built in 1914, was a material misrepresentation, entitling defendant to rescind the contract of sale.

[3] ID. — PROMISE TO PROCURE REGISTRATION CERTIFICATE — MATERIAL INDUCEMENTS.—Where at the time of the negotiations for the sale of the truck, the vehicle was registered with the state in the name of a certain corporation, which fact was known to plaintiff, and

he also knew that defendant could not use the truck upon the public highways without procuring the consent of said corporation to a transfer of the registration from it to defendant and that defendant would not accept the truck and would not execute the contract for its purchase unless the corporation delivered its registration certificate to the truck to him, and plaintiff, for the purpose of inducing defendant to conclude his purchase, promised the latter, without intent to keep his promise, that he, plaintiff, would immediately procure the registration of the truck with the state in the name of defendant, and would procure a transfer of the certification of registration thereto, such inducing promises were material.

[4] ID.—PROMPT RESCISSION—LACHES.—The fact that defendant did not rescind promptly after plaintiff's failure to procure the license to operate the truck was not sufficient to amount to laches, where defendant gave his notice of rescission twenty-two days after he learned that the truck was a 1914 and not a 1916 model.

[5] ID. — USE OF TRUCK — REASONABLE VALUE — ISSUES — EVIDENCE —FINDINGS.—Where, in his answer to defendant's cross-complaint to rescind a contract of sale of an automobile truck, plaintiff alleges the reasonable rental value of the truck for the period during which defendant had it in his possession, and the trial proceeds and evidence is admitted, without objection, upon the issue of the reasonable rental value of the truck, plaintiff is entitled to a finding upon such issue.

[6] ID.—SUFFICIENCY OF AMENDMENT—WAIVER OF OBJECTION.—Where, at the time of trial of an action instituted to recover the balance due under a contract of sale of an automobile truck, and in which defendant cross-complained for rescission on the ground of misrepresentations, plaintiff is permitted, without objection from defendant, to file an amendment to his answer to the cross-complaint tendering an issue as to the reasonable rental value of the truck during the period defendant had it in his possession, and thereupon the trial proceeds and evidence is admitted, also without objection, upon the issue of the reasonable rental value of the truck, and the trial court fails to find upon such issue, defendant will not be heard to contend for the first time on appeal that such issue was not material for the reason that the matter covered by the amendment to the answer to the cross-complaint was not termed a counterclaim.

---

(1) 4 C. J., p. 887, n. 59, 60.   (2) 35 Cyc., p. 65, n. 24.   (3) 35 Cyc., p. 65, n. 24.   (4) 35 Cyc., p. 151, n. 43, p. 152, n. 44.   (5) 38 Cyc., p. 1968, n. 97, p. 1970, n. 5.   (6) 3 C. J., p. 778, n. 28, p. 793, n. 33; 4 C. J., p. 662, n. 82, 85.

5.  See 24 Cal. Jur. 935.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Reversed.

The facts are stated in the opinion of the court.

William Ellis Lady for Appellant.

Swing & Wilson for Respondent.

WORKS, J.—Plaintiff sold an automobile truck to defendant. This action was instituted for the purpose of enforcing a collection of the selling price. Defendant cross-complained for a rescission of the contract of sale, on the ground that the transfer was brought about by means of fraudulent misrepresentations made by plaintiff to him concerning the truck. In his answer to the cross-complaint plaintiff alleged the reasonable rental value of the truck for the period during which defendant had it in his possession, alleged that defendant used it in his business during the period, and demanded judgment for the reasonable rental value of the vehicle. A judgment of rescission was rendered under the allegations of the cross-complaint, but the trial court did not find upon the issues supporting plaintiff's demand for judgment for reasonable rental, and rendered judgment that plaintiff take nothing because of the action. Plaintiff appeals.

[1] It is contended that the evidence was insufficient to support the finding that appellant made the misrepresentations with which he was charged in the cross-complaint. It is apparent from the manner in which appellant argues this question that the point is without merit. Dealing with one of the alleged misrepresentations appellant says that the evidence concerning it was "weak on the part of defendant," and that the evidence of appellant on the subject "wholly preponderates that of the defendant." With questions such as this we have nothing to do. Where a finding is assailed on the ground that it is not supported by the evidence, and the point really made is that the weight of the evidence is opposed to the finding, the action of the trial court in making it is final. An examination of evidence to which respondent calls our attention con-

vinces us that appellant could have taken no stronger ground in support of his point than he does take.

[2] The alleged fraudulent representations were made toward the close of 1920. One of them was that the truck was built in 1916. It was in fact built in 1914. It is contended that the representation that the vehicle was a 1916 model was not a material one, and this upon the theory that the value of the truck was not apparently increased by the represented decrease of its age from six years to four. Such a contention flies in the face of all natural laws affecting senility and longevity—those arising from wear and tear, rust, decay, and from that lapse of time which affects all the others, and sends even automobile trucks to the wrecker. Appellant points to the evidence of one witness to the effect that in 1920 a 1914 truck was as valuable for purposes of "re-sale" as one of the vintage of 1916. But there is no showing in the evidence that respondent bought the truck for resale. On the contrary, it appears that he used it for many months in his business. It is because of that fact that appellant makes his claim to judgment for the reasonable rental value of the vehicle. It appears to us from the very essentials of common sense that respondent was entitled to believe from the representation made by appellant that he would enjoy a use of the truck for a period of two years beyond the time when its actual years of existence would have consigned it to one of those receptacles of automobile "bodies" and "parts" which exist in such numbers in and about every large city. It seems to us, beyond a doubt, without more direct evidence to the contrary, that a 1914 truck was, in 1920, worth materially less to respondent that a 1916 truck would have been. It is not at all beside the point to remark here that appellant pleaded the reasonable rental value of the truck, during the time respondent had it, as one hundred dollars per month, and he introduced evidence in support of the allegation. From these circumstances it can reasonably be deduced that the truck was of considerable value of itself; and the greater its value, the greater would have been the falling off in value, in successive periods of time, because of the fact that it was two years older than it was represented to be. The conclusion here

reached derives some support from *Morris* v. *Fiat Motor Sales Co.,* 32 Cal. App. 315 [162 Pac. 663].

[3] The trial court found that at the time of the negotiations between appellant and respondent for the sale of the truck, the vehicle was registered with the state in the name of a certain corporation, that fact being known to appellant; that appellant knew that respondent could not use the truck upon the public highways without procuring the consent of the corporation to a transfer of the registration from it to respondent, and knew that respondent would not accept the truck and would not execute the contract for its purchase unless the corporation delivered its registration certificate to the truck to him; and that appellant, for the purpose of inducing respondent to conclude his purchase, promised respondent, without intent to keep his promise, that he, appellant, would immediately procure the registration of the truck with the state in the name of respondent, and would procure a transfer of the certificate of registration thereto from the corporation; and that appellant failed to perform these inducing promises. Appellant contends that these "representations" were immaterial for the reason that it was the duty of respondent himself to procure a license to operate the truck, or suffer the pains and penalties of the law if, forsooth, he ventured upon the highway with it but without a license there to operate it. This is one of those contentions which it is not difficult to state, but which it is most difficult to comprehend. There seems hardly to be a visible handle by which it may be ardently and forcibly grasped. The following appears to be the only means of approach to the subject, although it is a stealthy means and savors much of wily subterfuge: Appellant apparently is convinced that it was the duty of respondent to fare boldly forth upon the road, mounted upon his licenseless truck, like Don Quixote astride the illy equipped Rosinante, and suffer arrest, merely to demonstrate that he could not lawfully emerge from the byway into the highway without a license so to do. We refuse to be impaled upon this horn of the dilemma. Matador-like, we deftly step aside and avoid it. Why need respondent suffer the ignominy of arrest? Why might he not remain in his own yard and await the procuring of the license by appellant, holding him to the dire consequences

of a failure to procure it? We think he could. We hope he did. We think the inducing promises were material.

[4] Appellant contends that there was an undue delay upon respondent's part, after appellant's failure to procure the license to operate the truck, in giving notice of rescission of the contract of sale. There was some delay, taking the failure to procure a license as the basis of the notice, but we think it was not sufficient to amount to laches. We forbear to discuss the point at length, however, because of this circumstance: Respondent gave his notice of rescission twenty-two days after he learned that the truck was a 1914 model. We think this relieves him of the charge of laches altogether.

[5] Appellant's final contention is that the trial court erred in failing to find upon the issue as to the reasonable rental value of the truck while respondent was in the possession of it and while he used it in his business. Respondent answers that the issue was an immaterial one and that a finding upon it was therefore unnecessary. The issue as to reasonable rental value was tendered by a paragraph of the answer to the cross-complaint which read: "Alleges that the reasonable rental value of the truck which plaintiff delivered to defendant and which truck plaintiff alleges the defendant used in his business was and is the sum of at least $100.00 per month and that by reason thereof defendant is indebted to plaintiff in the sum of $100.00 per month during the entire period he has had possession of said truck in the event defendant is entitled to a judgment of rescission." This paragraph was added to the answer to the cross-complaint by means of an amendment which was filed by leave of court during the trial. To the amendment appellant appended a prayer "for the same relief sought in his complaint and answer to defendant's cross-complaint and in addition thereto the relief justified by this amendment, and for general relief."

[6] Respondent's contention that the issue as to rental value was not material is for the reason that the matter covered by the amendment to the answer to cross-complaint was not given a name—specifically, that it was not by the pleader termed a counterclaim. We think this view is untenable. Just preceding the granting of leave to file the amendment to the answer to cross-complaint the following

occurred at the trial: "Mr. Lady: . . . We brought suit to recover on the sale of a truck, and he got possession of the truck in December, 1920, and they come in and rescind in September, 1921. There's about nine months he has had the use of our truck; and if he is entitled to a rescission, we are entitled to a certain amount for the use of our truck. If he is entitled to rescind, I think we have a right to show how he paid the amount of money he did pay, and we have a right to show what the reasonable value of what that property now is. On the way out here I prepared a couple of paragraphs in answer to the cross-complaint, as follows." Then was read the paragraph of the amendment above set forth and another paragraph somewhat related to it, but which it is unnecessary to quote. Mr. Lady then proceeded to remark further: "I think these things should be alleged so the court can determine the matter. The only reason I suggest these two paragraphs is so we may have an issue on the question, or Your Honor can determine what is proper after hearing all the evidence. I don't know what will develop, and what the parties will be able to prove. We think we can defeat the defendant's case on his cross-complaint, but in case we cannot, I think we have a right to cut his claim down and have a proper adjudication of that. I submit that to Your Honor for Your Honor's consideration." The amendment, including the prayer, was then permitted to be filed, no objection being made. The trial then proceeded and evidence was admitted, also without objection, upon the question of the reasonable rental value of the truck.

We need not pause to decide whether the issue now in question should be held to have been properly tendered, if objection to the amendment had been interposed when it was offered, or if objection had been made to the admissibility of evidence under it on the ground that it was insufficient. Upon the showing made by the record a mass of authority supports the view that respondent cannot now for the first time suggest the inadequacy of the pleading. A few only of these cases will be cited. "Counsel will not be allowed to try the case upon the theory that the issue was properly before the court below, and thus entice his adversary into a trap to be sprung in this court at the last moment. This court does not countenance

technical objections to pleadings when the case was tried in the court below upon the theory that the issues were properly made." (*Casey* v. *Leggett,* 125 Cal. 668 [58 Pac. 266].) "[T]he record shows that the plaintiff tried the case upon the theory that defendant's failure to perform was in issue. Under these circumstances, this court will not entertain the suggestion, made for the first time on appeal, that the attempted denial was ineffectual for any purpose" (*Bayly* v. *Lee,* 174 Cal. 137 [162 Pac. 96]). "[W]hen a complaint is not totally devoid of allegations upon a particular point and the objection that it is insufficient in that regard is first made on appeal, the trial having been conducted by the objecting party upon the theory that it was sufficient, all of which is the case here, it will be upheld" (*Fowler* v. *Enriquez,* 56 Cal. App. 107 [204 Pac. 854]).

Judgment reversed with directions to the trial court to retry only the issues as to the reasonable rental value of the truck, and as to whether defendant used it while it was in his possession; to determine and adjudge what, if any, amount plaintiff shall recover under those issues; and, if it shall be determined that plaintiff should recover thereunder, to reframe its entire judgment accordingly.

Finlayson, P. J., and Craig, J., concurred.