[Civ. No. 8. Fourth Appellate District.—October 22, 1929.]

H. G. PENDELL, Appellant, v. EDWIN M. WARREN, Respondent.

William Ellis Lady for Appellant.

Swing & Wilson for Respondent.

SLOANE, P. J.—The only issue on this, a second appeal from a judgment had in the Superior Court of the county of San Bernardino is as to the amount, if any, the appellant is entitled to recover, on a rescission by the defendant, the vendee under a conditional contract of purchase and sale of an automobile truck, for benefits received by the vendee from use of the truck while in his possession.

The action was brought by the vendor, as the plaintiff, to recover from vendee, as defendant, the unpaid balance of the agreed purchase price. The defendant, after notice of rescission sought by cross-complaint a rescission of the contract and recovery of installments paid thereunder. Plaintiff, by way of answer to the cross-complaint, pleaded as set-off to any recovery that might be had by the defendant, the value to vendee of the use of the truck.

Judgment was for defendant on the cross-complaint, granting rescission, and recovery of installments paid, and for costs, but no finding was made on the issue raised for a set-off in favor of plaintiff, for vendee's use of the truck.

On appeal by plaintiff to the Second District Court of Appeal the judgment was reversed for failure of the trial court to find on the demand of a credit for benefits defendant had received from use of the truck. The language of the judgment of reversal (76 Cal. App. 33 [243 Pac. 707, 709]) is as follows:

"Judgment reversed, with directions to the trial court to retry only the issue as to the reasonable rental value of the truck, and as to whether the defendant used it while it was in his possession; to determine and adjudge what, if any, amount plaintiff shall recover under those issues; and if it shall be determined that plaintiff should recover thereunder, to reframe its entire judgment accordingly."

A retrial was had in the San Bernardino Superior Court upon the question of rental value under the pleadings as originally framed, and the court found for the plaintiff and cross-defendant on that issue in the sum of $100; the conclusion of law being:

"That plaintiff is entitled to judgment of rescission and cancellation of the said contract referred to in plaintiff's complaint herein, and that said contract be rescinded, canceled and annulled;

"That defendant is entitled to have and recover from plaintiff the sum of $385.00 less the sum of $100.00, on account of the reasonable rental value of the truck during the time it was in possession of defendant, and less the further sum of $144.10 on the judgment for costs heretofore awarded plaintiff on said appeal."

Judgment was given and entered accordingly and the pending appeal was taken by the plaintiff from such judgment to the Second District Court of Appeal and has been transferred to this court for decision.

The record before us does not contain the pleadings or any part of the record on the former appeal, but as no question is raised as to the sufficiency of the pleadings to present the question to be decided here as to the value and extent of the use of the truck by defendant while it was in his possession, we cannot see that this omission prevents a decision of the issue on it merits.

The evidence adduced on the second trial is directed to the period and extent of the use made by defendant of the truck while it was in his possession after the purchase and before rescission, and as to the value of that use.

As to the grounds of rescission and the sufficiency of the notice thereof we are not here concerned, these matters having been concluded on the former appeal. All that now is involved in this case is the right of the plaintiff to a credit on the judgment against him in any amount in excess of the $100 allowed by the trial court for defendant's use of the truck.

It does not appear from the record before us what sum the plaintiff was demanding under the pleadings as the reasonable value of such use. His appeal rests on the contention that the undisputed evidence shows a rental value of $5 per day for such time as the truck was used

by the defendant. This may be conceded as established by the evidence, from the standpoint of a rental of the truck by the defendant from the plaintiff; but such is not the situation of the parties. The defendant, as the rescinding party, was entitled to relief from his contract only on an offer to restore to the plaintiff the machine in question, and to account for everything of value he had received from it. As provided by section 3408 of the Civil Code:

"On adjudging the rescission of a contract, the court may require the party to whom such relief is granted, to make any compensation to the other which justice may require."

We are disposed to agree with the rule as stated by the respondent in his brief, that "the amount to be credited to the guilty vendor is not, strictly speaking, rental, for obviously there is no contractual relation which imposes on the vendee the obligation to reimburse the vendor for rent; it is only to the extent that the vendee has profited by the undertaking that he is required in good conscience to restore to the vendor."

The rule is correctly stated in the quotation from Black on Rescission, section 634:

"With regard to personal property, where the purchaser rescinds the contract for fraud or other cause, he should tender a reasonable payment for any beneficial use to which he may have put the property while in his possession, beyond such use as was necessary to test and try it."

To a similar effect is the decision of *Bray* v. *Lowery,* 163 Cal. 256 [124 Pac. 1004].

■ While the court had a right in this case to take into account the customary rental charges for the use of trucks of this character, it also properly could consider the circumstances under which it was used, the cost of operation, repairs, etc., in order to reach a just estimate of the net value accruing to the vendee from such use.

■ If plaintiff's right of recovery was a straight rental at $5 per day, this would amount to approximately $200. But while the time period is an element in fixing the amount of defendant's liability for benefits derived, it is not the only one. He testified that he calculated that he made a profit on each trip of about $10, and he also testified to various expenses incurred for repairs, labor, etc., including

$5 a day for a man to operate the truck. In any event, it does not appear that the profit of $10 a trip is to be wholly credited to the use of the truck. There was no evidence produced as to the benefits to the defendant, excepting his own testimony, and we are of the opinion that from such evidence as appears in the record the trial court was justified in fixing the value of the use of the truck to defendant at $100.

The judgment is affirmed.

Barnard, J., and Marks, J., concurred.