[Civ. No. 10689.   Third Dist.   Nov. 8, 1963.]

WILLIAM B. SCOLLAN, Jr., a Minor, etc., et al., Plaintiffs and Respondents, v. GOVERNMENT EMPLOYEES INSURANCE COMPANY et al., Defendants and Appellants.

McGregor, Bullen, Saldine & Erich, McGregor, Bullen & Erich, John R. Saldine, Donald McGregor and Wilson Craven for Defendants and Appellants.

Charles F. Gray, Jr., and Richard L. Thurn for Plaintiffs and Respondents.

VAN DYKE, J.*—This is an appeal from a judgment rendered in an action for declaratory relief. Defendant, Martin J. Fuerst, insured by appellant Government Employ-

*Retired Presiding Justice of the District Court of Appeal sitting pro tempore under assignment by the Chairman of the Judicial Council.

ees Insurance Company, hereinafter called "Government," sold an automobile to W. B. Scollan, Jr., and two other minors, all of them being 15 years of age. Respondent W. B. Scollan, Sr., father of Scollan, Jr., was insured by appellant Travelers Insurance Company, hereinafter called "Travelers." The physical transfer of the vehicle was accompanied by a transfer of the duly endorsed pink certificate of ownership and the white certificate of registration. Thereafter, and within proper time, Fuerst mailed to the Department of Motor Vehicles a notice of transfer of interest, setting forth that he had sold the automobile to one of the minors, being the one who had negotiated the purchase for the group, all of whom were present. Following the sale Scollan, Jr., arranged to have the vehicle registered in his name. Four days after the sale Scollan, Jr., was driving the automobile when it was involved in a collision with an automobile driven by defendant Antelman who thereafter brought action for damages. Questions having arisen as to coverage, Scollan, Sr., and Scollan, Jr., brought this action against the carriers of the insurance, along with Antelman and Fuerst, to have the liability of the carriers judicially declared. The minors disaffirmed the contract of sale shortly after the accident. The trial court basing its action upon the disaffirmance and what was conceived to be the legal results flowing therefrom found that at the time of the accident Fuerst was the owner of the vehicle; that Scollan, Jr., was his permittee driver; and that primary coverage was chargeable to Government with secondary to Travelers. Government appeals and Travelers also appeals, stating that it does so, however, only to protect its rights if the judgment should be reversed.

Disaffirmance of a contract by a minor, executed or executory, whether declared before or after majority, has the effect of a rescission. (*Warner Bros. Pictures, Inc.* v. *Brodel,* 31 Cal.2d 766 [192 P.2d 949, 3 A.L.R.2d 691].) The effect of a rescission is to void the contract *ab initio.* (*Long* v. *Newlin,* 144 Cal.App.2d 509 [301 P.2d 271].) "When a contract is rescinded it is extinguished. ... The contract becomes a nullity; it and each of its terms and provisions cease to be subsisting or enforceable against the other party. ... Upon the rescission and after the notice and offer to restore, the law supplies a promise of repayment by the party against whom the contract is rescinded." (12 Cal. Jur.2d, Contracts, § 206.) The foregoing is familiar law. It is conceded here that Government's policy affords no protection

to Scollan, Jr., unless at the time of the accident he was driving the automobile with Fuerst's permission within the meaning of that term as used in section 17150 of the Vehicle Code. The trial court's judgment is based upon the finding that he was driving the automobile with the permission of Fuerst. In support of this holding it is argued that the effect of disaffirmance as stated above is that Fuerst must be considered as having been the owner of the automobile at all times after the sale to the minors; that therefore he placed the automobile in the hands of Scollan, Jr., and by implication consented that he drive the same. We do not agree.

■ Section 17150 of the Vehicle Code provides that the owner of an automobile is liable for the death of or injury to persons or property resulting from negligence in the operation of the motor vehicle by any person operating it "with the permission, express or implied, of the owner."

Whether or not within the scope of the code section an owner has permitted another to drive his automobile is a factual issue to be determined by the proof. ■ The statute assumes ownership and concerns itself only with the management and control thereof by the owner. ■ The foundation of an owner's liability under the section is the permission given to another to use an instrumentality which, if improperly used, is a danger and menace to the public. (*Krum* v. *Malloy*, 22 Cal.2d 132, 137 [137 P.2d 18]; *Burgess* v. *Cahill*, 26 Cal.2d 320 [158 P.2d 393, 159 A.L.R. 1304]; *Davidson* v. *Ealey*, 69 Cal.App.2d 254 [158 P.2d 1000].)

■ The basic factual condition upon which the section operates to impute to the owner of a motor vehicle liability for negligence of the operator is not mere ownership, but ownership plus "permission, express or implied of such owner," and if either ownership or permission is absent, the statute does not operate. (*Krum* v. *Malloy, supra.*) ■

There are two elements in this section which must be present and proved in order that a person other than the driver be held responsible for damages resulting from negligence in the operation of the vehicle: (1) it must have been owned at the time of the accident by such person, and (2) it must have been operated with the permission of such owner. (*Pacific Tel. & Tel. Co.* v. *Wellman*, 98 Cal.App.2d 151 [219 P.2d 506]; see also *Wilcox* v. *Berry*, 32 Cal.2d 189, 191 [195 P.2d 414], holding that since the entire management and control of community property is in the husband, no consent of the wife, express or implied, in her husband's use or operation of

the community automobile could add anything as a matter of law or of fact to his rights in that respect, and hence such consent, if given, is nugatory; and holding further that in the event a husband and wife own an automobile jointly it is a question of fact whether the operation of the automobile is with or without the consent, express or implied, of an owner who is not personally participating in such operation. (Citing *Krum* v. *Malloy, supra.*) )

It is clear from the record here that the contract of sale between Fuerst and the minors was executed. It was a valid contract. The cash consideration had been paid, the ownership documents had been handed over, along with the physical possession of the automobile. Appropriate notices of the transfer had been given to the Motor Vehicle Department. Title therefore had passed from Fuerst to the purchasers, and these things having been done, Fuerst was not the owner in fact of the automobile at the time Scollan, Jr., as registered owner, operated it. Fuerst had no consent to give because he had no right of control. At the time, therefore, that the accident occurred, there was no liability on the part of Fuerst for damages caused by the operation of the automobile by Scollan, Jr., and had the contract of sale not been disaffirmed by the minors thereafter, no claim would have been made that Fuerst was liable.

We hold the disaffirmance of the contract by the minors could not alter this situation. In truth and in fact at the time of the accident, Fuerst was not the owner of the automobile and did not, and could not, give permission to anyone to operate it. These things were proven factually. The theory presented in support of the judgment relies upon legal fiction to disprove fact, and for that fiction will not serve under the circumstances here. The statute cannot be properly extended to cast liability on Fuerst without doing violence to its language and to its underlying purpose, which is to place a liability that before the passage of the statute was unknown to the law upon one who, having through ownership control over the operation of a potentially dangerous vehicle, gives over that control to another and permits such other to operate it. And this liability is cast upon such owner though he may have exercised the utmost care in selecting the permittee. We think it was not the intent of the Legislature to place this liability upon one who had no voice in that selection.

The fiction of relation, while proper enough within its sphere, cannot be used to make that happen which did not

happen, to raise permission where none was given, and within the statutory frame of reference could not have been given.

We note that Antelman's complaint, which appears in the record, by the second count therein, alleged negligent conduct of defendants, William B. Scollan, Sr., and Martin J. Fuerst, in entrusting the automobile to a driver known to be an incompetent, reckless and careless driver, with knowledge that he would probably cause injury to persons and property by driving it. This declaratory relief action was not tried to the court on that theory of liability. This is clear from the record. In reversing, we wish to state that our decision likewise is limited to the theory of liability under section 17150 of the Vehicle Code.

For the reasons given, the judgment appealed from is reversed as to both appellants.

Pierce, P. J., and Schottky, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied December 30, 1963.