75 Cal.Rptr. 757]

## Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 12083.    Feb. 26, 1969.]

GOLDEN WEST CREDIT CORPORATION, Plaintiff and Respondent, v. HAYS B. MAURY, JR., Defendant, Cross-complainant and Respondent; MIDWAY MOTORS, INC., Cross-defendant and Appellant.

Joseph J. Snyder for Cross-defendant and Appellant.

Lessing E. Gold for Plaintiff and Respondent.

Hollopeter & Terry and Don H. Terry for Defendant, Cross-complainant and Respondent.

VASEY, J.—Action by assignee of a conditional sales contract for a motor vehicle against the buyer for a deficiency and cross-complaint by the buyer against the assignor-seller, for attorney fees under section 2983.4 of the Civil Code. Judgment for cross-complainant for attorney fees affirmed.

■ This case presents the question of the right of a buyer under a motor vehicle conditional sales contract who successfully defends an action by an assignee of the contract for a deficiency after repossession and sale of the car, to recover attorney fees on a cross-complaint against the assignor-seller of the car.

The question arises under section 2983.4 of the Civil Code adopted in 1961 and as a part of an act designated as the Rees-Levering Motor Vehicle Sales and Finance Act. That section reads in part: ''Reasonable attorney's fees and costs shall be awarded to the prevailing party in any action on a conditional sale contract subject to the provisions of this chapter regardless of whether the action is instituted by the seller, holder or buyer. . . .''

Obviously, in our case, the defendant and cross-complainant was the prevailing party. Obviously, under this section he is to be allowed attorney fees and costs. But the section does not tell us who is to be the party against whom the award is to be made. Is the award against the assignee (holder) who brings the action or may the assignor (seller) be brought into the action by means of a cross-complaint for the sole purpose of being the party against whom the award of attorney fees is to be made?

So far as the research of counsel or our own research has revealed, this is a case of first impression in this state and our attention has not been directed to its answer by the courts of any other state.

However, we believe the answer is strongly suggested by the decision of our Supreme Court in *Morgan* v. *Reasor Corp.*, 69

Cal.2d 881 [73 Cal.Rptr. 398, 447 P.2d 638] decided December 12, 1968, long after the trial of the case before us but shortly before the filing of the briefs herein. There the action did not involve the Rees-Levering act but rather the Unruh Act (§§ 1801-1812, Civ. Code). Section 1811.1 provides for the recovery of attorney fees in language in all material respects identical with the language quoted for section 2983.4 of the Rees-Levering act.

With reference to attorney fees, the question discussed was whether or not they should have been allowed in a declaratory relief action. The Court of Appeal held such fees were not allowable in such an action. *Morgan* v. *Reasor Corp.* (1968 *(Cal.App.) 67 Cal.Rptr. 577.) The Supreme Court held the type of action was not controlling so long as the contract was one subject to the act.

The court did not discuss the liability of the seller which had assigned the contract to a subsequent holder but it did approve judgment for attorney fees against the seller. In fact, it went further. It approved judgment for attorney fees against a successor corporation which had merged with the "seller" corporation after the assignment of the contract to the "holder" before the merger (fn. 2 at p. 924).

We attach no significance to the fact that there the original action was by the "buyer" against both the "seller" and the "holder" (fns. 2, 9), whereas we are now concerned with a cross-complaint by the "buyer" against the "seller" in an action originally brought by the "holder" against the "buyer." The court quotes from the Assembly Subcommittee's report with regard to attorney fees: "This provision will encourage attorneys to accept cases when the buyer has a good defense against an action instituted by the seller or holder or where the buyer wishes to institute an action for such rights as he may have."

The court then comments: "The committee clearly intended no limitation on the type of action covered by section 1811.1 so long as the subject matter involved a contract subject to the provisions of the Unruh Act."

While that language was addressed to the question of attorney fees in a declaratory relief action, it applies with equal force to a question of whether the claim arises in the original action or by virtue of a cross-complaint. The court did

*A hearing was granted by the Supreme Court on June 11, 1968. The final opinion of that court is reported in 69 Cal.2d 881 [73 Cal.Rptr. 398, 447 P.2d 638.]

approve judgment for attorney fees against the "seller" who had assigned the contract to the holder, before the institution of the action and in an action brought by the buyer. What difference does it make that the seller is brought in by cross-complaint rather than by complaint? This would be an artificial distinction on which to rest the allowance of fees.

An interpretation which would exempt the original seller from liability to the "prevailing party" would allow a culpable seller to escape responsibility for the cost of litigation by assigning his claim at the last minute and for purpose of collection to a known insolvent. In the case at bench, we are not advised when the assignment took place, or whether the alleged claim was entirely matured at the time of assignment or whether assignee took with or without notice of the buyer's claims upon which the successful defense was based. We must assume the most favorable findings in support of the judgment. Judgment affirmed. Respondent to recover his costs on appeal.

Whyte, P. J., concurred.

WONG, J.—I dissent.

In the present action the respondent, who was a buyer of an automobile under a conditional sales contract, was resisting a suit brought by the holder of the contract. Respondent filed an answer denying that he owed any money and praying "that plaintiff take nothing by his complaint on file herein, that he recover the costs of suit incurred and for such other and further relief as this Court deems just and proper." He did not ask for an award of reasonable attorney's fees from the plaintiff. Instead he filed a cross-complaint for attorney's fees and costs against the appellant, who originally sold the automobile, but who no longer had any interest in the contract.

The trial court ruled that the "holder" pay costs, but that the "seller" pay attorney's fees. I believe that the "holder" should have been held responsible for both, and that the "seller" should have been liable for neither. It was both unnecessary and illogical to hold the "seller" responsible. It was unnecessary because the "prevailing party" can look to the "holder" who instituted the action for payment. It is illogical because it was the "holder," not the "seller," who had the controversy with the "prevailing party" and who brought the unmeritorious lawsuit. It was the "holder," and not the "seller" who had control of the case, who made the

decision to settle or to try the case, and who exercised some degree of control with respect to the possible expenditure of funds for depositions, jury fees, witness fees, and other related court costs. On the other hand, the "seller" had no interest in the conditional sales contract which was the subject matter of the lawsuit, had no controversy with either party with respect to the original sale or the subsequent assignment, and was not a party to the original lawsuit.

In my opinion the ruling of the trial court was contrary to the intent of the Legislature as expressed in Civil Code section 2983.4 which reads: "Reasonable attorney's fees 'and costs shall be awarded to the *prevailing party* in any action on a conditional sale contract subject to the provisions of this chapter regardless of whether the action is instituted by the seller, holder or buyer. Where the *defendant* alleges in his answer that he tendered to the *plaintiff* the full amount to which he was entitled, and thereupon deposits in court, for the *plaintiff*, the amount so tendered, and the allegation is found to be true, then the *defendant* is deemed to be a prevailing party within the meaning of this section." (Italics added.)

It is to be noted that section 2983.4 speaks in terms of "prevailing party," "plaintiff," and "defendant." The only reference to "seller" is contained in the phrase "regardless of whether the action is instituted by the *seller*, holder, or buyer." Thus it would appear that the Legislature intended to authorize the *prevailing party* to recover his attorney's fees and costs from the *losing party*, i.e., the person who instituted an unmeritorious lawsuit, or a defendant who interposed an unmeritorious defense. Such a construction would tend to discourage litigants from adhering to their unmeritorious positions and encourage the settlement of doubtful claims.

The construction above suggested is not inconsistent with the recent case of *Morgan* v. *Reasor Corp.* (1968) 69 Cal.2d 881 [73 Cal.Rptr. 398, 447 P.2d 638]. In that case there was a controversy among the parties to the declaratory relief action, and the court merely awarded attorney's fees and costs to the *prevailing party* and against the *losing parties*.

One additional point is deserving of comment. On appeal the respondent states in his brief that the appellant did not give notice to respondent of the assignment of the contract as provided for in Civil Code section 2983.5. This issue was not raised by the pleadings and there is no indication in the

record that it was considered by the trial court. It is well settled that statements of alleged fact in the briefs on appeal which are not contained in the record and were never called to the attention of the trial court will be disregarded on appeal. (*Knapp* v. *City of Newport Beach* (1960) 186 Cal.App.2d 669, 679 [9 Cal.Rptr. 90].)

Moreover, even if the point had been raised by the respondent, section 2983.5 is of no assistance to him for the reason that the section requires that the *assignee* give notice of assignment to the buyer, not the *assignor*.

I would reverse the judgment.