[Civ. No. 43624. Second Dist., Div. Four, Apr. 22, 1975.]

MARVIN H. LEAF et al., Plaintiffs and Appellants, v.
PHIL RAUCH, INC., Defendant and Respondent.

## COUNSEL

Valensi & Rose and Lawrence F. Nelson, Jr., for Plaintiffs and Appellants.

Walter M. Sharman for Defendant and Respondent.

## OPINION

**DUNN, J.**—In April 1970, plaintiffs Marvin Leaf and Helen Leaf commenced an action against Phil Rauch, Inc., and Chrysler Corporation for restitution based upon rescission of a motor vehicle conditional sale contract, and for damages for breach of warranty. Plaintiffs also sought attorneys' fees.

The action was tried by the court. Findings of fact and conclusions of law were signed and filed. The trial court found, as facts: on January 5, 1968, plaintiffs entered into a written motor vehicle conditional sale contract with defendant Phil Rauch, Inc., for the purchase of a 1968 "Imperial" model automobile manufactured by defendant Chrysler Corporation; plaintiffs performed all of the conditions required of them under the contract, including full payment of the purchase price of $7,085.38; the Imperial was warranted by an express written warranty issued by Chrysler Corporation and delivered to plaintiffs with the automobile; the warranty was a material inducement to plaintiffs to enter into the contract; after plaintiffs purchased the Imperial, it suffered three major transmission failures; the Imperial also was defective in other respects, including malfunctions in the starting mechanism and in the air conditioning system; Chrysler Corporation materially breached its warranty by failing to correct the defects; because of Chrysler's breach of warranty, there was a material failure of the consideration which Phil Rauch, Inc., agreed to give plaintiffs for their performance under the contract; by reason of such failure of consideration, plaintiffs were entitled to rescind the contract, and did so on March 4, 1970, by giving Phil Rauch, Inc., written notice of rescission and offering to return the Imperial; Phil Rauch, Inc., at no time restored, or offered to restore, to plaintiffs the sums which it had received from them under the contract.

The trial court further found: by way of relief based upon their rescission of the contract, plaintiffs were entitled to the return by Phil Rauch, Inc., of the sum of $7,085.38 paid by them in performance of the contract; plaintiffs also were entitled to consequential damages of $227.50, comprised of towing charges of $67.50 and car rental fees of $160 incurred by plaintiffs as a result of the Imperial's transmission failures; as against the total of $7,312.88 due plaintiffs, Phil Rauch, Inc., was entitled to an offset of $2,300, representing the reasonable value to plaintiffs of the use of the Imperial; "in exercise of its discretion," the court further found that plaintiffs were not entitled to prejudgment interest on the sum awarded them.

As a conclusion of law the court determined that, because plaintiffs had elected the remedy of rescission, they were not entitled to damages from Chrysler Corporation for breach of warranty.

Judgment was entered in favor of plaintiffs and against Phil Rauch, Inc., for $5,012.88, and in favor of Chrysler Corporation against plaintiffs.

Plaintiffs appeal from the judgment, arguing their appeal only insofar as it failed to award prejudgment interest and attorneys' fees.[1]

### I. *Was Prejudgment Interest Properly Disallowed?*

Civil Code section 3287 provides in part: "(a) Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. . . ."

Under this provision, prejudgment interest is allowable where the amount due plaintiff is fixed by the terms of a contract, or is readily ascertainable by reference to well-established market values. (See: *Lineman* v. *Schmid* (1948) 32 Cal.2d 204, 211-212 [195 P.2d 408, 4 A.L.R.2d 1380]; *Cox* v. *McLaughlin* (1888) 76 Cal. 60, 67-69 [18 P. 100]; *Conderback, Inc.* v. *Standard Oil Co.* (1966) 239 Cal.App.2d 664, 689-690 [48 Cal.Rptr. 901]; *Schmidt* v. *Waterford Winery, Ltd.* (1960) 177 Cal.App.2d 28, 34 [1 Cal.Rptr. 874].) On the other hand, interest is not allowable where the amount of the damages depends upon a judicial determination based upon conflicting evidence and is not ascertainable from established market prices or values. (*Lineman* v. *Schmid, supra,* 32 Cal.2d at p. 212; *Esgro Central, Inc.* v. *General Ins. Co.* (1971) 20 Cal.App.3d 1054, 1062 [98 Cal.Rptr. 153]; *Nelson* v. *Spence* (1960) 182 Cal.App.2d 493, 499-500 [6 Cal.Rptr. 312].)

---

[1]Plaintiffs filed a notice of appeal from "the whole and every part of said judgment." Pursuant to stipulation of counsel for plaintiffs and counsel for defendant Chrysler Corporation, and by order of this court, the appeal subsequently was dismissed as to Chrysler. With such dismissal, there remains only an appeal by plaintiffs from that portion of the judgment in their favor.

Ordinarily, if a judgment is in favor of a party, he is not aggrieved and cannot appeal. (Code Civ. Proc., § 902; *Widener* v. *Hartnett* (1938) 12 Cal.2d 287, 290 [83 P.2d 718]; *Danielson* v. *Stokes* (1963) 214 Cal.App.2d 234, 237 [29 Cal.Rptr. 489].) As an exception to the general rule, "[a] plaintiff may appeal from a judgment in his favor, when the amount of said judgment is less than the amount demanded and to which the plaintiff considered himself entitled. But in such a case the appeal is not from that part of the judgment in plaintiff's favor, but is from the provisions of the judgment denying him the full relief demanded." (*Maxwell Hardware Co.* v. *Foster* (1929) 207 Cal. 167, 170 [277 P. 327]. See also *Estate of Hughes* (1947) 80 Cal.App.2d 550, 554-555 [182 P.2d 253].)

We therefore treat plaintiffs' appeal as having been taken from the judgment in their favor only insofar as that judgment failed to include awards of prejudgment interest and attorneys' fees.

■ Plaintiffs were awarded damages of $5,012.88, computed as follows: as against the sum of $7,312.88 ($7,085.38 paid pursuant to the contract, plus $227.50 as consequential damages) found to be due plaintiffs based upon their rescission of the contract, defendants were allowed an offset of $2,300, representing the reasonable value to plaintiffs of their use of the Imperial. (See: Civ. Code, § 1692; *Pendell* v. *Warren* (1929) 101 Cal.App. 407, 410 [281 P. 658].)

The sum paid by plaintiffs pursuant to the contract was fixed by its terms. Therefore, this element of damage was certain. Regarding consequential damages, the evidence showed, without contradiction, that plaintiffs paid $67.50 for towing charges and $160 for rental of a substitute vehicle. Thus, the amounts actually expended for these items were certain; defendant did not contest their reasonableness.

The amount of the offset allowed to defendant was determined on the basis of conflicting evidence. ■ However, that fact did not preclude allowance of prejudgment interest, for where the amount of a claim is certain, but is reduced by reason of an unliquidated setoff, interest properly is allowed on the balance found to be due from the time it became due. (*Hansen* v. *Covell* (1933) 218 Cal. 622, 629 [24 P.2d 772, 89 A.L.R. 670]; *Worthington Corp.* v. *El Chicote Ranch Properties, Ltd.* (1967) 255 Cal.App.2d 316, 322 [63 Cal.Rptr. 203]; *Muller* v. *Barnes* (1956) 139 Cal.App.2d 847, 850 [294 P.2d 505]; *Lacy Mfg. Co.* v. *Gold Crown Mining Co.* (1942) 52 Cal.App.2d 568, 579 [126 P.2d 644].)

■ Since the requirement of Civil Code section 3287 regarding certainty of damages was met, plaintiffs were entitled, as a matter of right, to recover prejudgment interest on the sum awarded from the time such sum became due. (See: *Block* v. *Laboratory Procedures, Inc.* (1970) 8 Cal.App.3d 1042, 1046 [87 Cal.Rptr. 778]; *Overholser* v. *Glynn* (1968) 267 Cal.App.2d 800, 810 [73 Cal.Rptr. 628]; *Rabinowitch* v. *Cal. Western Gas Co.* (1967) 257 Cal.App.2d 150, 160 [65 Cal.Rptr. 1].)

■ In an action based upon rescission of a contract, the plaintiff's right to repayment of moneys paid under the contract is fixed by the rescission, and interest on the moneys paid thus is recoverable from the date of rescission. (*Potter* v. *Contra Costa Realty Co.* (1934) 220 Cal. 31, 34 [29 P.2d 189]; *Hayt* v. *Bental* (1913) 164 Cal. 680, 685-686 [130 P. 432]; *Lund* v. *Cooper* (1958) 159 Cal.App.2d 349, 352 [324 P.2d 62]; 9 Cal.Jur.2d 642-643, Cancellation of Instruments, § 51.) In the instant case, the evidence shows that of the total contract price of $7,085.38,

plaintiffs paid $6,234.16 prior to rescission of the contract on March 4, 1970, and paid the remaining $851.22 (nine monthly installments of $94.58 each) following rescission.

■ In an action to enforce rescission, the successful plaintiff is entitled to recover not only the consideration he gave under the contract, but also consequential damages. (See: Civ. Code, § 1692; *Modoc Mineral & Oil Co.* v. *Cal-Vada Drilling etc. Co.,* (1965) 236 Cal.App.2d 868, 873 [46 Cal.Rptr. 508]; *Warfield* v. *Richey* (1959) 167 Cal.App.2d 93, 100 [334 P.2d 101].) Since it is the act of rescission which fixes his right to recover consequential damages, interest on such damages should run from the date of rescission.

■ Thus, plaintiffs are entitled to prejudgment interest from the following dates: (1) interest from the date of rescission (March 4, 1970) on those portions of the sum of $5,012.88 attributable to payments on the contract made prior to rescission, and to payments for towing charges and car rental fee; and (2) interest from the dates of payment on those portions of the sum of $5,012.88 attributable to contract payments made after rescission.

## II. *Are Plaintiffs Entitled to Attorneys' Fees?*

The motor vehicle conditional sale contract entered into by plaintiffs and defendant contains the following provision: "Buyer [plaintiffs] hereby agrees to: . . . pay Seller [defendant], upon demand, a delinquency charge on each installment in default for 10 days in an amount equal to 5% of such installment and, in the event of Buyer's delinquency or default, reasonable collection costs and fees, including but not limited to attorney's fees."

Civil Code section 1717 provides in part: "In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements. . . . As used in this section 'prevailing party' means the party in whose favor final judgment is rendered."

Civil Code section 2983.4 provides: "Reasonable attorney's fees and costs shall be awarded to the prevailing party in any action on a conditional sale contract subject to the provisions of this chapter [Automobile Sales Finance Act, Civ. Code, § 2981 et seq.] regardless of whether the action is instituted by the seller, holder or buyer. . . ."

■ Citing *Morgan* v. *Reasor Corp.* (1968) 69 Cal.2d 881 [73 Cal.Rptr. 398, 447 P.2d 638], plaintiffs contend the instant action is an action "on a contract" within the meaning of Civil Code sections 1717 and 2983.4, so as to entitle plaintiffs to attorneys' fees.[2]

*Morgan* was an action for declaratory relief to determine whether the Unruh Act (Civ. Code, § 1801 et seq., relating to retail installment contracts) applied to a contract for the construction of a house. It was there held that under Civil Code section 1811.1,[3] which provides for attorneys' fees in an action on a contract subject to the Unruh Act, the plaintiff was entitled to attorneys' fees. In this regard, the court stated (69 Cal.2d at pp. 896-897): "The legislative history of the section requires us to interpret liberally the phrase 'on a contract.' . . . *The committee* [assembly subcommittee which recommended the Unruh Act] *clearly intended no limitation on the type of action covered by section 1811.1 so long as the subject matter involved a contract subject to the provisions of the Unruh Act.*" (Italics added.)

Inasmuch as Civil Code section 1811.1 provides for the recovery of attorneys' fees in language identical in all material respects with the language of section 2983.4, the phrase "on a contract" should be given the same meaning in both statutes. (See: *Golden West Credit Corp.* v. *Maury* (1969) 270 Cal.App.2d Supp. 913, 914-915 [75 Cal.Rptr. 757].)

Thus: although a contract is extinguished by its rescission (Civ. Code § 1688; *Holmes* v. *Steele* (1969) 269 Cal.App.2d 675, 677 [75 Cal.Rptr. 216]; *Scollan* v. *Government Emp. Ins. Co.* (1963) 222 Cal.App.2d 181,

---

[2]In *Morris* v. *Chevrolet Motor Division*, (4th Dist. Div. 1, Civ. No. 12803, June 19, 1974), cited by both parties, it was held that an action for rescission of a motor vehicle conditional sale contract was an action "on a contract" within the meaning of Civil Code sections 1717 and 2983.4, thus entitling the successful plaintiff to attorneys' fees. A rehearing in the *Morris* case was granted on July 19, 1974. Thereafter, all of the parties stipulated to dismissal of the cause without prejudice. Thus, the *Morris* opinion has disappeared from the annals of jurisprudence.

[3]Civil Code section 1811.1 provides in part: "Reasonable attorney's fees and costs shall be awarded to the prevailing party in any action on a contract or installment account subject to the provisions of this chapter regardless of whether such action is instituted by the seller, holder or buyer. . . ."

183 [35 Cal.Rptr. 40], and the instant action sought restitution based on plaintiffs' prior rescission of the motor vehicle conditional sale contract, the action nevertheless "involved" that contract,[4] which was subject to the provisions of the Automobile Sales Finance Act (Civ. Code, § 2981 et seq.). Therefore plaintiffs, the prevailing parties as against defendant Phil Rauch, Inc., were entitled to attorneys' fees.

■   A contract which provides for reasonable attorneys' fees in enforcing its provisions embraces an allowance for legal services rendered upon appeal as well as during trial. (*Wilson* v. *Wilson* (1960) 54 Cal.2d 264, 272 [5 Cal.Rptr. 317, 352 P.2d 725]; *Beverly Hills Nat. Bank* v. *Glynn* (1968) 267 Cal.App.2d 859, 870 [73 Cal.Rptr. 808]; *Coronet Credit Corp.* v. *West Thrift Co.* (1966) 244 Cal.App.2d 631, 649 [53 Cal.Rptr. 433].) Either this court may fix the reasonable amount of attorneys' fees on appeal, or such fees may be determined by the trial court. (*Babcock* v. *Omansky* (1973) 31 Cal.App.3d 625, 634 [107 Cal.Rptr. 512]; *Rabinowitch* v. *Cal. Western Gas Co., supra,* 257 Cal.App.2d at p. 160.) In the instant case, attorneys' fees were denied for services rendered by plaintiffs' counsel during the trial. Inasmuch as the trial court is in a better position to determine the reasonable value of such services, the matter is remanded to it for determination of the amount of attorneys' fees at the trial level and at the appellate level.

The judgment is reversed insofar as it fails to include awards of prejudgment interest and attorneys' fees. The trial court is directed to compute the prejudgment interest in accordance with the views herein expressed, and to add the amount of interest so computed to the judgment. The court is further directed to conduct a hearing to determine reasonable fees for services rendered by plaintiffs' counsel both at trial and on appeal.

Files, P. J., and Jefferson, J., concurred.

---

[4]The first amended complaint alleged the making of the contract, and a copy of it was attached to that complaint and incorporated therein by reference.