[S. F. No. 14848. In Bank.—February 1, 1934.]

MRS. STEPHANNA POTTER, Appellant, v. CONTRA COSTA REALTY COMPANY (a Corporation), Respondent.

Lovett K. Fraser for Appellant.

Esmond Schapiro for Respondent.

LANGDON, J.—This is an action to recover money paid under a contract after its rescission. Plaintiff on February 11, 1916, contracted to purchase from the predecessor of ·defendant company,· two lots in a subdivision in Martinez, for $1,000, payable in installments. Plaintiff lived some distance away and had never seen the lots. The contract provided that during the life of the agreement the vendor should pay state and county taxes based upon the then assessed valuation, and that the purchaser should pay excess state and county taxes, and all sanitary and other assessments. The vendor further agreed to grade the street, install water mains, and put in a cement sidewalk at its own expense. On December 12, 1921, plaintiff completed her payments of $1,000, and wrote defendant requesting a deed. Early in 1922 defendant replied that a deed would be delivered on return of the contract. Plaintiff replied that she had mislaid it. Later, under date of April 25, 1923, she wrote that she had visited Martinez and found no sidewalks there. She also again requested a deed. Defendant replied on April 27, 1923, that the company would install the water mains at any time she desired, and on November 21, 1923, in response to another inquiry, defendant wrote that it would construct the sidewalk. After further delays defendant wrote plaintiff on April 13, 1926, stating that lot owners were in the habit of putting in sidewalks them-

selves when they built, that the sidewalks cost $52,50, that she owed a balance of $23.47 for certain charges, and that upon receipt of her contract they would give her a deed, credit her with the sum of $23.47, and pay her the difference of $29.03, following which she could put in her own sidewalk. The letter also offered the alternative of her paying the sum of $23.47 at once, and receiving from defendant a deed and "a letter of credit for the sidewalk". Plaintiff made no answer. On July 19, 1929, defendant wrote plaintiff that it would insist upon strict performance of the contract, that there was overdue a balance of $118.31 (for taxes and assessments paid), and that unless all was paid by July 29, 1929, the contract would be terminated and prior payments forfeited. On November 14, 1929, plaintiff wrote defendant, giving notice of rescission of the contract, and demanding the return of the $1,000 with interest. Defendant refused to comply with the demand, and this suit was brought. Defendant cross-complained for the taxes and assessments paid.

The trial court found that defendant had failed to construct the sidewalks as required by the contract, but held that plaintiff was guilty of laches, which barred her right to rescind. Its decree was that plaintiff take nothing, and that her interest in the property be forfeited unless she paid the sum of $89.56 (for taxes and assessments) to defendant within thirty days from service of notice of entry of judgment. Costs were awarded to defendant. Plaintiff appealed.

■ The judgment is sought to be justified upon the equitable principle of laches, but it derives no support from that doctrine. The undisputed facts show that plaintiff fully performed all conditions of the contract; that defendant failed to perform a material covenant; that defendant in the course of the negotiations promised to fulfill its obligations, and did not, until 1929, in any way repudiate the same. That she had a right to rescind for failure of consideration is clear, and she did not lose that right by her indulgence of defendant in reliance upon its promise to perform. (See, generally, *Mills* v. *Richmond Co.*, 63 Cal. App. 594 [219 Pac. 465] ; *Walker* v. *Harbor Blocks Co.*, 181 Cal. 773 [186 Pac. 356] ; *Grotheer* v. *Panama Pacific Land Co.*, 41 Cal. App. 19 [181 Pac. 667].)

■  The doctrine of laches bars equitable relief where the party seeking relief has been guilty of excessive, unjustified delay in asserting rights, but delay is justified where it results from negotiations to reach a settlement of the controversy, and this must be particularly true where the defaulting party represents that he will make good his default. (See *Sherratt* v. *Hellman Com. T. & S. Bank,* 112 Cal. App. 542 [297 Pac. 582].)

■  Plaintiff was entitled to rescind and did rescind the agreement. It follows that she is entitled to the return of the sum of $1,000, together with interest. Since defendant retains the property, this disposes of its cross-demand for taxes and assessments.

The judgment is reversed, with directions to the trial court to enter judgment for plaintiff in accordance with the conclusions expressed in this opinion.

Preston, J., Curtis, J., Thompson, J., Seawell, J., Spence, J., *pro tem.*, and Waste, C. J., concurred.

Rehearing denied.