### John and Tina GALLAGHER v. Nancy LEARY

[674 A.2d 787]

No. 95-152

January 8, 1996. Defendant appeals from a superior court order approving a special master's report and awarding judgment to plaintiffs in the amount of $3,168.07 for fees previously paid to defendant for her services as a residential designer. We reverse.

In 1992, plaintiffs read about defendant as an "architectural and interior designer" in the Burlington Free Press and contracted with her for her services in planning a two-story addition to their 1790 federal-style house. The contractor hired to do the building discovered that the construction drawings produced by defendant were based upon a mistaken measurement. The roofline of the addition was two and a half feet higher than that of the existing roofline, rather than the six inches as shown in the schematic plans. To correct the problem, defendant drew alternative plans, which the contractor followed. The alternative plans established a roofline for the addition in keeping with plaintiffs' specifications. The contractor's bill for the remedial work was $1,848. Plaintiffs sued defendant for breach of contract and professional malpractice, based on defendant's errors in measurement in drawing the blueprints. The report of the special master, adopted by the superior court, recommended that defendant pay plaintiffs $1,848.00 for costs due to contractor's remedial work, and that defendant return the design fee of $3,168.07 paid by plaintiffs. Defendant appeals only the portion of the judgment requiring her to return the design fee.

Defendant argues that the special master erred in allowing plaintiffs to recover the design fees, for two reasons: (1) that defendant did not violate the architectural licensing statute because 26 V.S.A. § 124(a)(5)(A) exempts design services for detached single-family dwellings from the provisions of the statute, and (2) that the licensing statute does not authorize the recovery of design fees as a penalty for violation. We address only the second issue, which is dispositive of the appeal.

For several reasons, we do not permit recovery of design fees for a violation of the architectural licensing statute, 26 V.S.A. § 122(a). First, the licensing statute itself does not authorize recovery of fees. See *In re Lake Providence Properties, Inc.*, 168 B.R. 876, 881 (W.D.N.C. 1994) (holding that court would not impose penalties for failure to comply with licensing requirements in addition to those specifically set out in statute). The Vermont architectural licensing statute provides in relevant part:

A person who violates any of the provisions of subsection (a) of this section shall be guilty of a misdemeanor and shall be fined not more than $5,000.00.

26 V.S.A. § 122(b). No other provision in the statute specifies penalties for violation or authorizes the recovery of design fees from violators.

Second, recovery of the payments is not necessary to effectuate the policy of licensing statutes. See *Food Management, Inc. v. Blue Ribbon Beef Pack, Inc.*, 413 F.2d 716, 727 (8th Cir. 1969) (allowing both retainment of services and recovery back of money paid is not necessary to fulfill policy of protecting public from unlicensed practitioners); *Mascarenas v. Jaramillo*, 806 P.2d 59, 62 (N.M. 1991) (object of statute is that consumers may contract with reliable contractors who have passed licensing). The Legislature has established a licensing procedure, and a penalty for violation of that procedure, in order to protect the public from unqualified practitioners. See *Markus & Nocka v. Julian Goodrich Architects, Inc.*, 127 Vt. 404, 407, 250 A.2d 739, 741 (1969) (discussing policy of licensing statute). We see no reason to read into the statute an additional penalty not established by the Legislature.

Finally, and most importantly, requiring a party who provides services to return the fees received would provide an unfair windfall to the complaining party. See *Comet Theatre Enters., Inc. v. Cartwright*, 195 F.2d 80, 83 (9th Cir. 1952) (no recovery of sums even though contractor unlicensed where services rendered are not defective and party has received value for which he paid); *Hawkins v. Holland*, 388 S.E.2d 221, 223 (N.C. Ct. App. 1990) (equity and principles of restitution do not require that unlicensed parties be completely uncompensated). Plaintiffs in the instant case received the services of defendant in the design of the addition to their house. When a measurement mistake was made, defendant rectified the situation, and as the special master found, "the final design was as close to their expressed ideal as their existing structure would permit."

Under analogous circumstances, a court held that when a defendant has already provided services, there should be no requirement to "return the moneys received, since in so doing, it would heap an unjust enrichment upon the complaining party." *Host v. Gauntlett*, 341 N.Y.S.2d 201, 204 (Civ. Ct. 1973). Plaintiffs have received the services for which they paid. Returning the design fee would be inequitable under the circumstances.

Our reasoning is consistent with Vermont law. In *Perkins v. Factory Point National Bank*, 137 Vt. 577, 580, 409 A.2d 578, 580 (1979), we held that when a statute is penal in nature, it must be strictly construed. Public policy is served by the statute as enacted by the Legislature, which imposes criminal punishment and severe fines on those who violate the statute. To direct defendant to return the money received would be tantamount to authorizing civil punishment in addition to the criminal penalties specified by statute. See *Host*, 341 N.Y.S.2d at 204.

*Reversed.*