Portsmouth District Court
No. 98-627

ROBERT J. KOWALSKI

v.

CEDARS OF PORTSMOUTH CONDOMINIUM ASSOCIATION

March 13, 2001

*Coughlin, Rainboth & Murphy, P.A.*, of Portsmouth (*Kenneth D. Murphy* on the brief and orally), for the plaintiff.

*Shaines & McEachern, P.A.*, of Portsmouth (*Jonathan S. Springer* on the brief and orally), for the defendant.

BROCK, C.J. The defendant, Cedars of Portsmouth Condominium Association, appeals a decision of the Portsmouth District Court (*Taylor*, J.) awarding $4,956.43, including interest and costs, on the plaintiff's, Robert J. Kowalski, unjust enrichment claim. The plaintiff cross-appeals, contending that the district court erred in finding no violation under the Consumer Protection Act, RSA ch. 358-A (1995) (amended 1996, 1997, 1999). We affirm in part, reverse in part, and remand.

The parties agree on the following facts. The plaintiff owns condominiums in the Cedars of Portsmouth Condominium complex, which is run by the defendant. The defendant offered a listing service for condominium owners who wanted to sell and rent units. A unit owner who used this service paid the defendant commissions

or fees for the sale or rental of the unit. In 1997, the plaintiff, who had used this service, filed a complaint with the New Hampshire Real Estate Commission (commission) against the defendant, seeking return of fees that he had previously paid. He alleged that the defendant was violating RSA chapter 331-A (1995) (amended 1996, 1997, 1998, 1999, 2000), the New Hampshire Real Estate Practice Act, by acting as a real estate broker or salesperson without a real estate license. The defendant does not hold a real estate broker's or salesperson's license. *See* RSA 331-A:3 (1995). The commission ordered the defendant to cease and desist. The defendant apparently no longer collects fees but still provides the same services.

The plaintiff then filed suit in district court alleging misrepresentation, unjust enrichment, and violations of the Consumer Protection Act. The defendant moved to dismiss, and a hearing on the merits was held. The court dismissed the claim of misrepresentation and found no violation of the Consumer Protection Act. It did, however, enter judgment for the plaintiff on his unjust enrichment claim.

The defendant appealed, arguing that the district court erred by: (1) granting the plaintiff's unjust enrichment claim as a matter of law due to the violation of RSA chapter 331-A; (2) granting the plaintiff's unjust enrichment claim absent an allegation or finding that it would be unconscionable for the defendant to keep the fees; and (3) allowing the plaintiff to proceed with a private right of action under RSA chapter 331-A. The plaintiff cross-appeals the denial of his Consumer Protection Act claim, contending that the district court erred by: (1) failing to find that the defendant's conduct was unfair under RSA 358-A:2, V (1995 & Supp. 2000); (2) applying the wrong standard under RSA chapter 358-A; and (3) failing to find that the defendant's conduct was willful or knowing.

The defendant first contends that the district court erred in granting the plaintiff's unjust enrichment claim. The court's ruling on this claim stated, in part:

> Plaintiff's second Count alleges that the Defendant was unjustly enriched. Defendant argues that the doctrine does not apply as the Plaintiff received a benefit, [*i.e.*], the sale or rental of his units. Defendant further argues that the commissions, or fees, were at a reduced rate. Unjust enrichment is an equitable as opposed to a legal concept. In order to recover the Plaintiff must show that restitution should be made. The theory is based on the concept that fairness requires a restitution to the injured party. This is

not, in the Court[']s opinion, a matter of unjust enrichment which requires restitution as a matter of fairness, but requires restitution as a matter of law.

The court reached this conclusion by finding that the agreement for compensation between the plaintiff and defendant was void *ab initio*. As such, the defendant would not be allowed to sue for unpaid commissions, and the district court reasoned that it should not be allowed to keep any previously collected commissions either. We agree.

"A trial court must determine whether the facts and equities of a particular case warranted a remedy in restitution. This court will not substitute its judgment for that of a trial court, unless the court's rulings and findings are unsupported by the evidence or are erroneous as a matter of law." *R. Zoppo Co., Inc. v. City of Manchester*, 122 N.H. 1109, 1113 (1982) (citation omitted). Here, we note that no record of the hearing on the merits has been provided to us. "Consequently, for purposes of this appeal we must assume that the evidence supported the trial court's findings, and must limit our review to legal errors apparent on the face of the record that we have." *Perron v. Aranosian*, 128 N.H. 92, 94 (1986) (citation omitted).

"[W]here one is required to take out a license to act as a broker, a person not licensed as a broker is ordinarily not entitled to collect a commission arising out of a real estate transaction. An agreement to pay a real estate brokerage commission to a person who is not a licensed real estate broker is not an enforceable obligation and is void at its inception." 12 AM. JUR. 2D *Brokers* § 217 (1997) (footnotes omitted); *see Coltin Company v. Manchester Savings Bank*, 105 N.H. 254, 257 (1964) (RSA chapter 331-A prohibits unlicensed person from entering into brokerage agreements by making them void and unenforceable).

The effect of this general principle is codified in RSA 331-A:32, I (1995), which provides that no real estate broker or salesperson can bring an action for compensation or recover for services rendered "unless such person was duly licensed under this chapter as a broker or salesperson at the time of offering to perform any such act or service." The defendant, while conceding this provision acts as a shield to prevent an unlicensed broker from suing for a commission, argues that it is nonetheless consistent with the statutory scheme to prevent the plaintiff from suing to recover paid commissions. We cannot accept that interpretation of the statute. To do so would encourage unlicensed persons to seek advance payments, thereby

undermining the purpose of RSA chapter 331-A. *See* RSA 331-A:1 (1995) (purpose of chapter "to regulate the practice of real estate brokers and salespersons in order to ensure that they meet and maintain minimum standards which promote public understanding and confidence in the business of real estate brokerage"); *Cooper v. Paris*, 413 So. 2d 772, 774 (Fla. Dist. Ct. App. 1982).

"A trial court may require an individual to make restitution for unjust enrichment if he has received a benefit which would be unconscionable for him to retain." *R. Zoppo*, 122 N.H. at 1113. "To entitle one to restitution, it must be shown that there was unjust enrichment either through wrongful acts or passive acceptance of a benefit that would be unconscionable to retain." *Cohen v. Frank Developers, Inc.*, 118 N.H. 512, 518 (1978) (quotation omitted).

■ The defendant contends that the plaintiff failed to demonstrate and the district court did not find that the defendant received a benefit that would be unconscionable for it to retain because the plaintiff received that for which he bargained: the rental or sale of his units. We disagree. The defendant admitted that it did not hold a real estate license; the district court found that its actions were illegal. It wrongfully obtained commissions by selling real estate without a license. Further, allowing the defendant to retain the commissions under such circumstances would be unconscionable for it would "affront [our] affirmative duty to see that the party violating public policy not benefit in any way as a result of [its] wrongdoing." *Cooper*, 413 So. 2d at 774. We therefore cannot say that as a matter of law the district court erred in awarding the plaintiff the commissions based upon the doctrine of unjust enrichment.

The defendant further contends that under *DeCato Brothers, Inc. v. Westinghouse Credit Corp.*, 129 N.H. 504 (1987), the district court erred in granting the plaintiff's unjust enrichment claim because the defendant committed only "technical" violations. *Decato* involved a technical violation of RSA chapter 399-B, which regulates the disclosure of finance charges, *see* RSA ch. 399-B (1998 & Supp. 2000). There, we recognized that a credit transaction that runs afoul of RSA chapter 399-B does not necessarily render it void. *DeCato*, 129 N.H. at 509. *DeCato* is thus distinguishable from the case at bar because of the general rule that contracts with unlicensed brokers are void. *See Coltin*, 105 N.H. at 257; 12 AM. JUR. 2D *Brokers* § 217.

■ The defendant also argues that the doctrine of *in pari delicto*, *i.e.*, equal fault, prevents the plaintiff from recovering the commis-

sions because he was a party to an illegal contract. This doctrine is inapplicable to the facts of this case.

> When the Legislature enacts a statute forbidding certain conduct for the purpose of protecting one class of persons from the activities of another, a member of the protected class may maintain an action notwithstanding the fact that he has shared in the illegal transaction. The protective purpose of the legislation is realized by allowing the plaintiff to maintain his action against the defendant within the class primarily to be deterred. In this situation it is said that the plaintiff is not in pari delicto.

*Lund v. Cooper*, 324 P.2d 62, 65 (Cal. Ct. App. 1958) (brackets omitted). Therefore, public policy supports the plaintiff's recovery of funds paid for services performed by the unlicensed defendant. *See Kansas City Com. Center v. Heritage Industries*, 972 F.2d 185, 190 (8th Cir. 1992).

The defendant further contends that by upholding the award of commissions to the plaintiff, it is the plaintiff who will be unjustly enriched. While this "may be . . . a [harsh] result . . . [i]t was, after all, the [defendant] who failed to obtain the necessary license and it was that failure that caused [its] present predicament. [Its] present misfortune is traceable to no one but [itself]." *CitaraManis v. Hallowell*, 613 A.2d 964, 981 (Md. 1992) (Bell, J., dissenting).

Finally, the defendant contends that the district court erred in entering judgment on the plaintiff's unjust enrichment claim because this claim, and all others, are predicated upon the defendant's violation of RSA chapter 331-A, which does not provide a private right of action. Given the equitable nature of the doctrine of unjust enrichment, *see Cohen v. Frank Developers, Inc.*, 118 N.H. at 518, we need not address whether RSA chapter 331-A provides a private right of action.

On cross-appeal, the plaintiff argues that the district court erred in ruling that the Consumer Protection Act did not apply to his claim. The court dismissed count III of the plaintiff's writ, stating:

> The Court finds that R.S.A. 358-A does not apply to this case. That statute allows an action for damages if defendant uses "any unfair method of competition, or any unfair or deceptive act["] in the conduct of any trade or commerce within the state. The Court has already found that the acts of Defendant were not deceitful, or, at least not deliberately so.

Count III alleged a violation of RSA 358-A:2, V, which makes it unlawful to represent "that a person has a sponsorship, approval, status, affiliation, or connection that such person does not have." RSA 358-A:2, V is part of a non-exclusive list of acts that the legislature has determined constitute "unfair method[s] of competition or unfair or deceptive act[s] or practice[s]." RSA 358-A:2 (Supp. 2000).

We construe a statute according to the plain and ordinary meaning of the words used. *See Milette v. N.H. Retirement System*, 141 N.H. 342, 345 (1996). The plain language of RSA 358-A:2 does not require a finding of "deliberate deception," and in fact, the term "deliberate" does not appear anywhere in the statute. Because we conclude that the district court may have erroneously applied the elevated standard of "deliberate deception" to the plaintiff's claim under the Consumer Protection Act, we reverse and remand this issue to the district court for such further proceedings as it deems necessary. *See State v. Fowlie*, 138 N.H. 234, 237 (1994). We express no opinion as to whether the plaintiff proved that the defendant committed the unlawful act of "representing" that it has a sponsorship, approval, status, affiliation or connection that it does not have, leaving that issue to the trial court to consider on remand. *See* RSA 358-A:2, V.

*Affirmed in part; reversed in part; remanded.*

THAYER, J., sat for oral argument but resigned prior to the final vote; BRODERICK, J., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.