FILED
United States Court of Appeals
Tenth Circuit

June 25, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENNTH CIRCUIT

---

EMMANUEL SANAAH,

Plaintiff-Appellant,

v.

NURSE DEBB HOWELL; WARDEN
ARELLANO; MAJOR SCOTT
GROVER, Life Safety Cordinator [sic]
and Maintenance Supervisor;
MAINTENANCE WORKER LT.
BOSLEY,

Defendants-Appellees.

No. 10-1000

(D. of Colo.)

(D.C. No. 1:08-CV-2117-REB-KLM)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

---

Emmanuel Sanaah is a state prisoner proceeding pro se. He filed a 42

U.S.C. § 1983 claim in district court, asserting that defendants had violated his

Eighth Amendment right to be free of cruel and unusual punishment when a

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

showerhead broke and injured his head, and the medical attention he received was, in his opinion, inadequate. Noting its lack of subject matter jurisdiction, the district court dismissed with prejudice the claims for monetary damages against the defendants in their official capacities. It also dismissed without prejudice the claims for injunctive relief against defendants in their official capacities, as well as all claims against them in their individual capacities, for failure to state a claim upon which relief could be granted.

Having jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM the district court's decision.

## I. Background

Sanaah was incarcerated at the Arkansas Valley Correctional Facility (AVCF) in Crowley, Colorado. According to his Complaint, he was taking a shower at the prison when the showerhead shot off and struck him in the head, causing a gash and knocking him unconscious. After reviving him, officers instructed Sanaah to place a towel on the wound and get dressed so they could take him to the prison's medical facilities.

When Sanaah arrived at the medical department, Nurse Debb Howell attended to him. She cleansed and bandaged his wound. When he complained of pain and dizziness, she also gave him a regular strength Tylenol. Some time later, with his head still bleeding and hurting, he returned to the medical department, where, he alleges, Howell provided him more Tylenol and instructed

him to return to his cell and take a nap. The next day, Sanaah tried again to go to the medical department, but Howell explained that she had already seen him and that he need not return.

At that point, Sanaah filed a request to be seen by a doctor. Five days later, he alleges, he was finally able to see a doctor, but his wound had become infected. The physician's assistant prescribed antibiotics for the infection and medication for his continued dizziness and head pain.

In October 2008, Sanaah filed an action pursuant to 42 U.S.C. § 1983, asserting that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by providing him inadequate medical care. Specifically, Sanaah alleged (1) defendant Nurse Debb Howell was deliberately indifferent to Sanaah's serious medical needs when she failed to provide common care for his head injury, resulting in an infection; (2) defendant Warden Michael Arellano was deliberately indifferent to Sanaah's serious medical condition, as well as to the maintenance and installation of the showers; (3) defendant Major Scott Grover, Maintenance Supervisor at AVCF, was deliberately indifferent to Sanaah's serious medical and safety needs and to the poor policies and procedures that led to Sanaah's injury; (4) defendant Lt. Bosley,[1] another maintenance supervisor, was deliberately indifferent when he failed to install and inspect a

---

[1] Neither the Complaint nor anything in the record indicates Bosley's first name.

new showerhead properly and failed to help Sanaah get adequate medical care; and (5) defendant Aristedes Zavaras, Executive Director, was deliberately indifferent to Sanaah's serious medical and safety needs because he failed to manage and supervise his employees and ensure they provided sufficient medical care and maintenance at AVCF.

Defendants filed a motion to dismiss, which the district court granted. It reasoned that it did not have jurisdiction over the defendants when they were sued in their official capacities for monetary relief. It also reasoned that for claims against the defendants for injunctive relief or in their individual capacities, Sanaah had failed to state a claim on which relief could be granted. Sanaah appeals that decision.

## II. Discussion

We review de novo a district court's dismissal of a complaint pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Van Zanen v. Qwest Wireless, L.L.C.*, 522 F.3d 1127, 1129 (10th Cir. 2008). Because Sanaah is proceeding pro se, we must construe his pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

First, the district court correctly concluded that it does not have jurisdiction over Sanaah's claims for monetary damages against the named defendants in their official capacities. As we have made clear, "Neither states nor state officers sued in their official capacity are 'persons' subject to suit under section 1983."

*Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989)).  Sanaah therefore may not seek damages from defendants in their official capacities.

State officers sued in their individual capacities, however, "are 'persons' subject to suit under section 1983." *Duncan*, 15 F.3d at 991.  Accordingly, we consider Sanaah's claims against the defendants in their individual capacities and for injunctive relief.  We emphasize that "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir.1997).  "The Supreme Court has made it clear that liability under § 1983 must be predicated upon a *deliberate* deprivation of constitutional rights by the defendant." *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992) (quotations omitted).

We first turn to the claims against Arellano, Grover, and Zavaras, who were acting in a supervisory capacity.  "Supervisory status alone does not create § 1983 liability." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citing *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008)).  Instead, there must be "an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (quotation and brackets omitted).

After a careful review of the record, we agree with the district court that Sanaah failed to "allege any plausible individual actions attributable" to Arellano, Grover, or Zavaras that caused his alleged injuries. R. Vol. 1, Doc. 75 at 7. There is no allegation any of the three repaired the showerhead or participated in Sanaah's medical care. And there are only general and conclusory allegations, unsupported by facts, that they showed deliberate indifference by failing to supervise or train their employees. Sanaah has thus failed to allege sufficient facts to state a claim against Arellano, Grover, or Zavaras.

Regarding Bosley, we agree with the district court that the claims against Bosley are conclusory and lack sufficient factual support. We further agree that even after considering the allegations in the light most favorable to Sanaah, he has failed to allege anything that would suggest Bosley was deliberately indifferent to Sanaah's safety. Accordingly, Sanaah has failed to state a claim against Bosley.

Finally, Sanaah claims Howell's medical care was constitutionally deficient. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates,'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Ordinarily, we must address both whether the medical care was deficient

enough to qualify as a deprivation of constitutional significance and whether the defendant intended the deprivation by acting with deliberate indifference. *See Wilson v. Seiter*, 501 U.S. 294, 298–99 (1991).

We need not reach the first question because Sanaah has failed to allege sufficient factual detail to suggest Howell's conduct rises to the level of deliberate indifference. Howell cleansed Sanaah's wound, bandaged it, twice provided him pain relievers, and encouraged him to rest. He disagrees that this amount of treatment was proper, but such a claim is not sufficient to suggest a constitutional violation, much less deliberate indifference. At best, his allegations point to negligence, which is insufficient to support an Eighth Amendment claim.

Accordingly, the district court was correct to dismiss the claim against Howell for a failure to state a claim upon which relief could be granted.

### III.  Conclusion

For the foregoing reasons, we AFFIRM the district court's decisions to dismiss Sanaah's complaint for lack of jurisdiction and for failure to state a claim. Additionally, we GRANT Sanaah's motion to pay the filing fee in partial payments and remind Sanaah that he is obligated to continue making partial payments until he has paid the entire fee.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

-7-