FILED
United States Court of Appeals
Tenth Circuit

November 7, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STEPHEN W. RUPP, Trustee of the
Chapter 7 Bankruptcy Estate of Teresa
Lynn Pearson,

      Appellant,

v.

TERESA LYNN PEARSON,

      Appellee.

No. 15-4191
(D.C. No. 2:15-CV-00122-CW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **PHILLIPS**, Circuit Judges.
_____

Stephen Rupp is the bankruptcy Trustee in a Chapter 7 proceeding filed by Teresa

Pearson. He filed an amended complaint in an adversary proceeding requesting that Ms.

Pearson's bankruptcy discharge be denied because she had transferred property (a tax

refund) contrary to her approved plan in a prior Chapter 13 bankruptcy and with the

intent to hinder, delay, or defraud creditors. Ms. Pearson filed no answer. But the

bankruptcy court denied the Trustee's motion for a default judgment and dismissed the

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

action with prejudice for failure to allege facts showing improper intent. The district court affirmed and the Trustee appeals to this court. Ms. Pearson, through counsel, has filed a notice of nonparticipation. We exercise jurisdiction under 28 U.S.C. §§ 158(d) & 1291 and reverse.

## I.   ALLEGED FACTS

We accept the well-pleaded allegations of the amended complaint as true and view them in the light most favorable to the Trustee. *See Albers v. Bd. of Cty. Comm'rs*, 771 F.3d 697, 700 (10th Cir. 2014) (addressing motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)). Since 1993, Ms. Pearson and her husband have filed nine bankruptcy petitions under Chapter 7 and Chapter 13 of the Bankruptcy Code.[1] This action stems from a Chapter 13 petition filed in 2012. The plan in that case included a provision that Ms. Pearson could retain up to $2000 of her 2012 tax refund, with any surplus going to the bankruptcy estate. Her refund totaled $4829, but none of it was paid to the estate. It was all spent on nonexempt personal items. (The Trustee told the bankruptcy court that Ms. Pearson used the money for living expenses, bills, and her

---

[1] Chapter 7 authorizes a discharge of prepetition debts following the liquidation of the debtor's assets by a bankruptcy trustee, who then distributes the proceeds to creditors. Chapter 13 authorizes an individual with regular income to obtain a discharge after the successful completion of a payment plan approved by the bankruptcy court. Under Chapter 7 the debtor's nonexempt assets are controlled by the bankruptcy trustee; under Chapter 13 the debtor retains possession of his property.

*Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007).

children.)  The bankruptcy court dismissed the Chapter 13 case for nonpayment.

Thirteen days later Ms. Pearson filed for Chapter 7 bankruptcy.

The Trustee's amended complaint alleged that Ms. Pearson was not entitled to a

discharge because of her misappropriation of the tax refund.  He relied on 11 U.S.C.

§ 727(a)(2)(A), which provides that a discharge will not be granted if "the debtor, with

intent to hinder, delay, or defraud a creditor . . . has transferred . . . property of the debtor,

within one year before the date of the filing of the petition."

Although Ms. Pearson was served with the complaint, she did not file a responsive

pleading in the bankruptcy court.  The Trustee obtained a clerk's entry of default and then

filed a motion for default judgment.  But the bankruptcy court ruled that the amended

complaint did not show Ms. Pearson's fraudulent intent.  It denied the motion and

dismissed the amended complaint with prejudice, holding that no amendment could cure

the defects in the amended complaint.  The district court affirmed.

## II.    LEGAL STANDARDS

"Even though this appeal comes to us from the district court, we review a

bankruptcy court's decisions independently, examining legal determinations de novo and

factual findings for clear error."  *FB Acquisition Prop. I, LLC v. Gentry (In re Gentry)*,

807 F.3d 1222, 1225 (10th Cir. 2015).  Despite Ms. Pearson's failure to answer the

amended complaint, the bankruptcy court still needed to assess its sufficiency.  "Once

default is entered, it remains for the court to consider whether the unchallenged facts

constitute a legitimate cause of action, since a party in default does not admit mere

conclusions of law."  *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (internal

3

quotation marks omitted).  Although "entry of a default judgment is committed to the sound discretion of the [bankruptcy] court," *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016), a court "abuses its discretion when it commits legal error," *Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011).

The bankruptcy court determined that the amended complaint failed to state a claim under § 727(a)(2)(A).  We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6) and will affirm only if the Trustee's allegations fail to "state a claim to relief that is plausible on its face." *Van Zanen v. Qwest Wireless, L.L.C.*, 522 F.3d 1127, 1129-30 (10th Cir. 2008) (internal quotation marks omitted).  Our task is not to assess whether the claim is probable but whether the "factual allegations in [the] complaint [are] enough to raise a right to relief above the speculative level." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citation, brackets, and internal quotation marks omitted).  In particular, it is not necessary "that the inference of . . . intent supported by the pleaded facts be *the most plausible* explanation of the defendant's conduct.  It is sufficient if the inference of . . . intent is plausible." *Doe v. Columbia Univ.*, 831 F.3d 46, 57 (2d Cir. 2016) (alleging discriminatory intent); *see Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint [alleging deliberate indifference] survives a motion to dismiss under Rule 12(b)(6).").

The amended complaint alleged that Ms. Pearson should be denied a discharge under § 727(a)(2)(A).  To prevail on such a claim, "the objector must show by a preponderance of the evidence that (1) the debtor transferred, removed, concealed,

4

destroyed, or mutilated, (2) property of the estate, (3) within one year prior to the bankruptcy filing, (4) with the intent to hinder, delay, or defraud a creditor." *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1293 (10th Cir. 1997). The bankruptcy court ruled that the first three elements were established with respect to the tax refund, but that the amended complaint failed on the intent element.

We also note that for Chapter 7 petitions filed after April 19, 2005, the debtor cannot obtain a discharge if the debtor was granted a discharge in a Chapter 7 "case commenced within 8 years before the date of the filing of the petition." 11 U.S.C. § 727(a)(8) (April 20, 2005). The time constraint had been six years. *See Tidewater Fin. Co. v. Williams*, 498 F.3d 249, 252 n.2 (4th Cir. 2007).

## III.   ANALYSIS

The amended complaint sets forth Ms. Pearson's bankruptcy history to show her knowledge of bankruptcy law and a track record of apparent manipulation of the system. We first describe her seven bankruptcy filings before the two that are most relevant here:

1.  In September 1993 she and her husband filed a voluntary Chapter 13 petition; it was dismissed in March 1996.

2.  In April 1996, she and her husband filed a voluntary Chapter 13 petition; it was dismissed in May 1997.

3.  In October 1997 she filed a voluntary Chapter 7 petition; she received a discharge in February 1998.

4. In November 2002 she and her husband filed a voluntary Chapter 13 petition; it was dismissed in May 2003.

5. In June 2003 she and her husband filed a voluntary Chapter 13 petition; it was dismissed for nonpayment in July 2005.

6. In August 2005 she and her husband filed a voluntary Chapter 13 petition; it was dismissed in November 2005.

7. In October 2005 (eight years after her prior Chapter 7 petition) she and her husband filed a voluntary Chapter 7 petition while the 2005 Chapter 13 case was still pending; they received a discharge in December 2006.

This history of Chapter 13 proceedings followed by Chapter 7 petitions casts an enlightening shadow on Ms. Pearson's bankruptcy proceedings during 2012 and 2013. The pertinent events can be described briefly:

Ms. Pearson filed for Chapter 13 protection on October 30, 2012, and presented her plan the next day. A Chapter 13 plan classifies claims and provides a procedure for paying the claims according to the debtor's assets and income. *See* 11 U.S.C. § 1322. While the plan is in effect, creditors can pursue claims only under the terms of the plan. *See id.* § 1327(a) ("The provisions of a confirmed plan bind the debtor and each creditor . . . ."). Among the conditions for confirmation of a plan is the debtor's ability "to make all payments under the plan and to comply with the plan." *Id.* § 1325(a)(6). Ms. Pearson's plan provided for her to make fixed monthly payments of $412.00 for 36 months. In addition, the plan required Ms. Pearson to contribute the amount of her tax

6

refund over $2000.  The plan was approved on February 20, 2013.  In April Ms. Pearson received the tax refund of $4829 and soon spent it all.

On October 8, 2013, the bankruptcy court dismissed the Chapter 13 case for Ms. Pearson's failure to make required plan payments and to contribute the required portion of her tax refund.  Less than two weeks after the dismissal, Ms. Pearson filed for Chapter 7 protection.  Because it had been precisely eight years since she last filed a Chapter 7 petition, it was unnecessary to file another Chapter 13 petition, as it had been in August 2005, to keep creditors away until she could file under Chapter 7.  *See* 11 U.S.C. § 727(a)(8).

It would be a permissible, even a natural, inference from this history that Ms. Pearson had filed the Chapter 13 petition in 2012 with no intent to comply with its requirements, except as necessary to prevent creditors from taking action until she could file a Chapter 7 petition a year later.  In our view, the amended complaint states a plausible claim that Ms. Pearson's failure to turn over to the Chapter 13 bankruptcy estate the required portion of the tax refund was part of a scheme to hinder and delay creditors.

In holding that the amended complaint fails to state a claim, the bankruptcy and district courts focused on the absence of well-recognized badges of fraud.  But that absence is not fatal to this claim.  Although identification of traditional badges of fraud can be useful, they are not the exclusive means of establishing fraud.  Each case must be taken on its own facts.  *See Marine Midland Bus. Loans, Inc. v. Carey (In re Carey)*, 938 F.2d 1073, 1077 (10th Cir. 1991) (inquiry into fraudulent intent is "peculiarly fact specific, and the activity in each situation must be viewed individually").  Also, the

7

Trustee did not need to show fraud. Under the statute authorizing dismissals of bankruptcy petitions, it is enough to show actions taken with intent to "hinder or delay creditors."

The lower courts also relied on the failure of the amended complaint to negate the possibility of an innocent explanation for Ms. Pearson's behavior, such as the need to take care of herself or feed her children. But an otherwise innocent motive can coexist with the intent to hinder or delay creditors. *Cf. First Beverly Bank v. Adeeb (In re Adeeb)*, 787 F.2d 1339, 1343 (9th Cir. 1986) (debtor who transferred property "intend[ing] to protect the property from one creditor for the benefit of the other creditors" nevertheless intended to hinder or delay a creditor under § 727(a)(2)(A)). Whenever a debtor hinders creditors, it is likely that the debtor wants the money to go for a "good" purpose, such as helping the debtor's children or paying other creditors. Moreover, in this case Ms. Pearson spent the tax refund less than six months after filing a Chapter 13 plan stating that she could provide for her needs and still comply with the requirements of the plan. Perhaps some exigency arose that required her to spend the tax refund on personal matters; but that possibility cannot defeat the amended complaint at this stage of the proceedings.

## IV.  CONCLUSION

The judgment dismissing the amended complaint is reversed and the case is remanded for further proceedings consistent with this order and judgment.

Entered for the Court

Harris L Hartz
Circuit Judge